UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FREDA BURTON and MICHAEL BURTON, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WAL-MART STORES, INC., a corporation ) <br> doing business as Wal-Mart Store No. 2544, ) <br> ) <br> Defendant. ) | No.: 2:04-CV-385 PRC |

**MEMORANDUM OF OPINION AND ORDER**

This matter is before the Court *sua sponte* regarding the Defendant's Notice of Removal and this Court's subject matter jurisdiction. The Court has an ongoing affirmative obligation to police its subject matter jurisdiction. *See Minority Police Officers Ass'n of South Bend v. City of South Bend, Indiana*, 721 F.2d 197, 199 (7th Cir.1983).

On September 17, 2004, this matter was removed from the Superior Court of Porter County, Indiana, to the United States District Court for the Northern District of Indiana, Hammond Division. Defendant removed the case pursuant to 28 U.S.C. § 1441 alleging that the district court would have had original jurisdiction under 28 U.S.C. § 1332(a).[1] It appears that the parties are of diverse citizenship (the Defendant is informed that the Plaintiffs are citizen of Indiana; the Defendant is incorporated in Delaware and has its principal place of business in Arkansas), and the Notice of Removal asserts that the amount in controversy exceeds $75,000. However, the Defendant has not provided competent proof that the amount in controversy meets the jurisdictional threshold.

---

[1] A district court has subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between ... citizens of different states." 28 U.S.C. § 1332(a).

A Defendant seeking removal must establish federal jurisdiction by a reasonable probability. A Defendant may not simply rely on general allegations in a complaint that a Plaintiff has "suffered pain and injuries," "has incurred medical expenses," will "incur future pain," and will "incur future medical expenses" to establish a dollar amount in controversy of at least $75,000.  *See King v. Wal-Mart Stores, Inc.*, 940 F. Supp. 213, 216-17 (S.D. Ind. 1996).  Rather, when seeking a federal forum, a defendant must explain with factual detail that it is reasonable and probable that a plaintiff's particular injuries exceed the jurisdictional amount.  *See Reason v. General Motors Co.*, 896 F. Supp. 829, 834-35 (S.D. Ind. 1995).  Wal-Mart has not done that.

Wal-Mart cannot point to a specific amount alleged by the Plaintiffs in their Complaint because Indiana Trial Rule 8(1)(2) bars plaintiffs from designating the amount in controversy in a personal injury suit.  Instead, the Defendant states in its Notice of Removal that "[b]ased upon the allegations of plaintiffs' Complaint, if proved, the amount in controversy exceeds $75,000."  Upon the face of Plaintiff's Complaint, it is not clear to what extent Freda Burton was injured when two buckets of cat litter fell and struck her with "significant force" near the calf and knee area of her right leg.  Based on this brief description alone, the Court is not convinced that there is a reasonable probability that the amount in controversy meets or exceeds the $75,000 jurisdictional amount.  The Defendant has not attached any affidavit or other document establishing the amount in controversy.

In addition, 28 U.S.C. § 1446 requires that a

> notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

This cause of action was filed in the Porter Superior Court on February 18, 2004.  The summons

issued to Wal-Mart Stores, Inc. was date stamped in the Porter Superior Court on February 18, 2004. The Defendant filed an Answer in the Porter Superior Court on March 18, 2004. The Notice of Removal was not filed with the Northern District of Indiana until September 17, 2004. In the Notice of Removal, the Defendant represents that "[t]his Notice of Removal is being filed within 30 days of receipt of notice that this case is now applicable for removal to this Court." However, based on the date of the issuance of the summons and the date of the Defendants' Answer, it is not clear to the Court that the Defendant has complied with the requirement of 28 U.S.C. § 1446(b).

Accordingly, the Court now **ORDERS** the Plaintiffs to **FILE** with this Court a response to the Notice of Removal **on or before April 25, 2005**, indicating what they contend the amount in controversy to be for the claims they have asserted against Wal-Mart (*i.e.* does it meet or exceed the $75,000 jurisdictional amount).

In addition, the Court **ORDERS** the Defendant to **FILE** proof with this Court that it has timely filed the Notice of Removal in accordance with the removal requirements of 28 U.S.C. § 1446(b) on or before **April 25, 2005.**

SO ORDERED this 8th day of April, 2005.

        s/ Paul R. Cherry
        MAGISTRATE JUDGE PAUL R. CHERRY
        UNITED STATES DISTRICT COURT

cc:  All counsel of record